89 F.3d 847
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose Antonio HERNANDEZ, Defendant-Appellant.
 No. 95-50421.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 22, 1996.*
Decided April 29, 1996.
 
 Before: HALL, THOMPSON, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jose Antonio Hernandez appeals his conviction by conditional guilty plea for possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a). He contends that the district court erred by denying his motion to suppress evidence. Specifically, he contends that police officers lacked reasonable suspicion to continue questioning and detaining him beyond a routine traffic stop. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Motions to suppress are generally reviewed de novo. United States v. Thomas, 863 F.2d 622, 625 (9th Cir.1988). Whether questioning is based on reasonable suspicion is a mixed issue of law and fact; the district court's determination is reviewed de novo. United States v. Perez, 37 F.3d 510, 513-14 (9th Cir.1994) (citing Thomas, 863 F.2d at 625). "In evaluating the lawfulness of [an investigatory] stop, the 'totality of the circumstances ... must be taken into account." See United States v. Cortez, 449 U.S. 417-18 (1981). "Questions asked during an investigative stop must be 'reasonably related in scope to the justification for their initiation.' " Perez, 37 F.3d at 513 (citing United States v. Brignoni-Ponce, 422 U.S. 873, 881 (1975)). "An officer may broaden his or her line of questioning if he or she notices additional suspicious factors, but these factors must be 'particularized' and 'objective.' " Id. (citations omitted). Individual factors, taken together, may amount to reasonable suspicion. See United States v. Sokolow, 490 U.S. 1, 19 (1989).
 
 
 4
 Here, Officers Anderson and Rose testified that on the evening of January 26, 1995, following a routine traffic stop of Hernandez' car for speeding, tailgating and weaving, Officer Anderson became aware of several factors leading him to believe that criminal activity was afoot. First, upon initial contact, Officer Anderson noticed a strong order of air freshener, commonly used to mask the odor of drugs. Second, after requesting Hernandez' drivers's license and registration, Officer Anderson learned that Hernandez had an Iowa driver's license and was driving a vehicle registered to someone else. Third, Hernandez was unable to tell Officer Anderson the address or phone number of friends Hernandez claimed to have been visiting. Fourth, Hernandez was visibly nervous and refused to make eye contact while being questioned. This information taken cumulatively with the fact that Hernandez was travelling down a known "drug corridor" from California to Iowa was sufficient to warrant further questioning. See Perez, 37 F.3d at 514.
 
 
 5
 After further questioning both Hernandez and his passenger, Officer Anderson became aware of several conflicts in their stories regarding their reasons for being in California. Based on that information, Officer Anderson sought and obtained consent to search the vehicle and discovered the drugs, which are the subject of the motion to suppress.[1] Based on the totality of the circumstances, Officer Anderson had reasonable suspicion that criminal activity was afoot. See Cortez, 449 U.S. at 417-18. Accordingly, the district court correctly denied Hernandez' motion to suppress the evidence obtained. See id.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because we find that the detention of Hernandez beyond the initial traffic stop was supported by reasonable suspicion, we need not address appellant's claim that his voluntary consent was tainted by an unlawful detention